UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT L. ALEXANDER,
    Plaintiff,

    v.

NANCY LOU TYSON, et al.,
    Defendants.

No. 3:11cv710 (SRU)

## RULING ON DEFENDANT'S MOTION TO DISMISS

The *pro se* plaintiff, Robert L. Alexander ("Alexander" or "the plaintiff"), filed this action against defendants Nancy Lou Tyson ("Tyson"), Ruby Williams, Alecia Stanton, Damon Ferguson, and David "DJ" Brown alleging wrongful death and various constitutional violations.[1] Before the court is Tyson's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim (doc. # 24). For the reasons that follow, the motion is GRANTED.

### I.  Background

The plaintiff's brother, Albert Alexander ("Albert"), died intestate on June 11, 2006. His death was ruled a suicide. Since Albert's passing, however, the plaintiff has maintained that Albert was murdered by the defendants, though no official investigation has ever substantiated that claim.

On March 14, 2007, the Probate Court appointed Tyson the administratrix of the decedent's estate. Alexander appealed the Probate Court's decision to the Connecticut Superior

---

[1] The plaintiff's initial complaint, titled "Petition For Unlawful Violations of Constitutional Rights to Due Process and Civil Rights in the Conn. State Courts and to Further Prevent 'Civil Death' of Petitioner with the Discovery of a Will With Fraud and Deception Upon the Probate and State Courts: Incorporated With a Wrongful Death Claim," was filed against Tyson as well as several other unnamed defendants. *See* Compl. (doc. # 1). On May 15, 2012, the plaintiff filed an Amended Complaint that specifically named Williams, Stanton, Ferguson, and Brown as defendants, but otherwise appeared to incorporate by reference the allegations of the original complaint. *See* Am. Compl. (doc. # 15).

Court, which rendered a judgment of nonsuit against Alexander after he failed to appear for trial. The Superior Court's judgment was affirmed by the Connecticut Court of Appeals, *see Alexander v. Tyson*, 122 Conn. App. 493 (2010), and the Connecticut Supreme Court denied review, *see Alexander v. Tyson*, 298 Conn. 928 (2010).  The plaintiff subsequently brought this action on May 2, 2011.

## II.     Standard of Review

### A.     Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal citations omitted).  In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings. *Makarova*, 201 F.3d at 113.

### B.     Failure to State a Claim under Rule 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).  When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid

claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; s*ee also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted).  Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely."  *Id.* at 556 (quotation marks omitted).

**III.    Discussion**

Because the plaintiff is proceeding *pro se*, the court must liberally construe the plaintiff's submissions.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation omitted).  It is well established that, in diversity cases, federal courts apply the substantive law of the forum state.  Neither party disputes that Connecticut law applies to the issues presented.

    A.    Wrongful Death[2]

---

[2] Insofar as the plaintiff alleges that the defendants committed murder, that claim must fail.  No civil cause of action exists for such conduct because private citizens do not have a private cause of action for criminal violations.  *See Rzayeva v. United States*, 492 F. Supp. 2d 60, 84 (D. Conn. 2007) (dismissing private plaintiff's claims of murder, stating "[t]he decision to

The threshold question, for any court, is whether the plaintiff has standing to assert the claims alleged in the complaint.  In Connecticut, "standing to bring a wrongful death action is . . . conferred only upon an executor or an administrator."  *Isaac v. Mount Sinai Hospital*, 210 Conn. 721, 725 (Conn. 1989); *see also Ellis v. Cohen*, 118 Conn. App. 211, 216 (2009) ("§ 52-555 creates a cause of action for wrongful death that is maintainable on behalf of the estate only by an executor or administrator.").  Here, it is undisputed that the plaintiff is neither the executor nor administrator of the decedent's estate, and he therefore lacks standing to bring a wrongful death action.  Consequently, this court lacks subject matter jurisdiction to adjudicate that claim, and the plaintiff's action for wrongful death is dismissed.

B.   Challenges to State Court Judgments

The plaintiff also alleges that, during the pendency of the state court proceedings, his Constitutional rights were violated.  Specifically, he avers that the state courts "violated his constitutional rights to due process" because there was "no evidentiary hearing or trial whatsoever during the entire proceeding in the state [c]ourts . . . ."  Compl. at 2 (doc. # 1).  Plaintiff further alleges that those proceedings were compromised by Tyson's fraudulent representations to the state court.  In his request for relief, plaintiff asks this court to "review the merits and overturn the ruling with instructions on remand to the Probate Court."  *Id.* at 9.

The *Rooker-Feldman* doctrine prevents the plaintiff from seeking such relief in federal court. That doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and

---

investigate or prosecute a person for an alleged violation of a criminal statute is left to the discretion of the federal law enforcement agencies, and federal courts traditionally refrain from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons against whom a complaint of criminal conduct has been made").

inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "*Rooker-Feldman* directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (internal quotation omitted).

Here, *Rooker-Feldman*'s requirements are undoubtedly satisfied because the plaintiff explicitly seeks to undo the state-court judgment rendered prior to the filing of this federal case. Consequently, the *Rooker-Feldman* doctrine bars that claim.

Moreover, even assuming, *arguendo*, that *Rooker-Feldman* did not bar federal review of the state-court judgment, this court still cannot entertain a collateral attack on the judgment of a probate court by virtue of the probate exception to diversity jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) ("[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."). For this reason, too, the plaintiff's claim must be dismissed.[3]

C.   Claims Against Other Defendants

The Amended Complaint also asserts wrongful death claims against four additional defendants: Ruby Williams, Alecia Stanton, Damon Ferguson, and David "DJ" Brown. None of these defendants has answered or otherwise moved in response to the Amended Complaint, and there is no evidence that any of these defendants have been served. Although the Second Circuit

---

[3] Having dismissed the complaint on these grounds, the court need not reach the other grounds upon which the movant seeks to dismiss the complaint.

has cautioned against *sua sponte* dismissal of *pro se* complaints before service of process, *see Elliot v. Bronson*, 872 F.2d 20, 21 (2d Cir. 1989), I nevertheless conclude that, based on my prior determination that the plaintiff lacks standing to pursue his wrongful death claim, it would be a waste of judicial resources to permit this case to persist any further.  *E.g.*, Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action.") (emphasis added).   Accordingly, the plaintiff's claims against these non-moving defendants are also dismissed, *sua sponte*, for lack of subject matter jurisdiction.

**IV.    Conclusion**

In sum, Tyson's motion to dismiss (doc. # 24) is GRANTED.  The court also *sua sponte* dismisses the complaint with respect to the remaining defendants.  Accordingly, the plaintiff's other pending motions (docs. # 29, # 30, # 31, and # 32) are hereby denied as moot.  The Clerk shall enter judgment and close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 29th day of April 2013.

   /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge